IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MISTY HOOKS                                                                                          PLAINTIFF

      v.                          CIVIL NO. 5:16-CV-5309

NANCY A. BERRYHILL, [1] Acting Commissioner,
Social Security Administration                                                              DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Misty Hooks, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on May 29, 2014, alleging an inability to work since May 10, 2012,[2] due to depression, personality disorder, anxiety, and obesity. (Tr. 119, 133, 147, 161). For DIB purposes, Plaintiff maintained insured status through December 31, 2013. (Tr. 119, 147). An administrative hearing was held on

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] At the May 20, 2015, hearing before the ALJ, Plaintiff amended her alleged onset date from January 1, 2009, to May 10, 2012. (Tr. 75-76).

May 20, 2015, and a supplemental hearing was held on October 23, 2015. (Tr. 74-86, 89-117). Plaintiff and a vocational expert testified at the hearings. (Tr. 74-86, 89-117).

By written decision dated December 3, 2015, the ALJ found that during the relevant time periods, Plaintiff had a severe impairments of: Musculoskeletal Disorder (lumbar degenerative disc disease); Special/Other Disorder (obesity); and Mental Disorders (mood/affective disorders, depression, anxiety). (Tr. 27). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 28). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except as follows:

> claimant can frequently lift and/or carry less than ten pounds, and occasionally ten pounds, push and/or pull within the limits of lifting and carrying, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of two hours in an eight hour workday. The claimant is limited to jobs involving simple tasks and simple instructions with incidental contact with the general public.

(Tr. 30-35). With the help of a vocational expert (VE), the ALJ determined that while Plaintiff was unable to perform any of her past relevant work, there were jobs that existed in significant numbers in the national economy that she could perform, such as small products assembler and document preparer. (Tr. 35-36). The ALJ concluded that Plaintiff had not been under a disability, as defined by the Social Security Act, from January 1, 2009, her alleged onset date,[3] through December 3, 2015, the date of the ALJ's decision. (Tr. 36).

---

[3] The Court notes that the ALJ used the original alleged onset date of January 1, 2009; however, as noted earlier in this opinion, at the May 20, 2015, hearing before the ALJ, Plaintiff amended her alleged onset date from January 1, 2009, to May 10, 2012. (Tr. 75-76).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 24, 2016. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 12th day of March, 2018.


                     /s/ *Erin L. Wiedemann*
                     HON. ERIN L. WIEDEMANN
                     UNITED STATES MAGISTRATE JUDGE